IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIS PRICE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF THE VILLAGE, )<br>)<br>Defendant. ) | NO. CIV-08-1343-D |

**ORDER**

Before the Court is the Defendant's Motion to Dismiss [Doc. No. 5], arguing that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has responded to the Motion, and Defendant has filed a reply.

Plaintiff's claims against Defendant, his former employer, are based on the termination of his employment. He asserts a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). He also asserts 42 U. S. C. § 1983 constitutional rights claims, alleging that his employment termination violated his rights to substantive and procedural due process and his right to equal protection of the law.

In the Motion, Defendant does not seek dismissal of Plaintiff's ADEA claim. Instead, it contends that the § 1983 claims must be dismissed for failure to state a claim. In response to the Motion, Plaintiff concedes he does not state a claim based on equal protection, and states that he withdraws such claim. Therefore, the only issue to be addressed by the Court is whether Plaintiff's Complaint states a claim for relief based on a violation of his due process rights.

Rule 12(b)(6) standards:

Where a motion to dismiss for failure to state a claim is presented, the court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction,*

*Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

When considering the sufficiency of a complaint, the Court considers only "well pleaded" allegations; conclusory allegations not supported by factual contentions are insufficient to state a claim on which relief can be granted. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal

theory on a plaintiff's behalf [1]." *Whitney v. State of New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Application:

Defendant contends Plaintiff's due process allegations fail to satisfy the foregoing standards. As Defendant argues, to show a deprivation of procedural due process, a plaintiff must plead and prove facts to show he was deprived of property or liberty. *Watson v. University of Utah Medical Center*, 75 F. 3d 569, 577 (10th Cir. 1996). Where the claim is based on the plaintiff's employment termination, he has the burden of establishing his property interest in continued employment. *Id.*

In the Complaint, Plaintiff alleges that he was employed by Defendant's fire department for approximately 24 years and was terminated on or about June 5, 2007. Complaint at ¶ 2. He alleges that, during his employment, he held various positions, including fire chief and fire marshal; the latter position was held at the time of his termination. *Id.* at ¶¶ 2-3. Plaintiff further alleges that he "was not given a hearing" when he was terminated, and was told he was being terminated "due to restructuring within the fire department;" he alleges his "termination is contrary to provisions of The Village City Code." Complaint at ¶ 5. These allegations are followed by contentions related to Plaintiff's age and his ADEA claim. Plaintiff then alleges that "the actions and conduct of Defendant denied Plaintiff his rights to substantive and procedural due process in violation of 42 U. S. C. § 1983." *Id.* at ¶ 10.

Defendant correctly argues the Complaint contains no factual allegations to support a contention that Plaintiff had a liberty or property interest in continued employment; in fact, Plaintiff does not even allege such an interest. Although he alleges that his termination was not preceded

---

[1] These decisions address the sufficiency of allegations contained in a *pro se* litigant's complaint which must, of course, be more liberally construed than a complaint drafted by an attorney. At a minimum, the same rules apply to the Complaint in this case, as it was drafted by an attorney.

by a hearing, Plaintiff alleges no facts to support a contention that a hearing was required. Nor does he include factual allegations supporting his contention that his termination was "contrary to" provisions of the City Code. Although Plaintiff cites in his response brief the provision of the City Code on which he relies, he failed to include that factual contention in his Complaint with sufficient specificity to enable Defendant to respond to his allegation. Plaintiff's response brief also omits any reference to a liberty interest; deprivation of a property interest is the only contention he pursues.

Defendant also correctly notes that, to support a substantive due process claim, a plaintiff must plead and prove facts to show the existence of a "fundamental liberty interest" or facts supporting a contention that his termination is an exercise of governmental power that "shocks the conscience." *Seegmiller v. LaVerkin City*, 528 F. 3d 762, 767 (10th Cir. 2008). In his response to the Motion, Plaintiff does not address this argument; he focuses only on the procedural due process claim. If Plaintiff intends to pursue a substantive due process claim, he must allege the facts necessary to support the same.

Having reviewed the Complaint in light of the requirements of *Twombly* and the Tenth Circuit decisions cited herein, the Court concludes that the Motion [Doc. No. 5] must be granted as to Plaintiff's § 1983 claim, as Plaintiff has failed to allege facts sufficient to support that claim. Having concluded that dismissal of that claim is required, the Court must consider whether Plaintiff should be granted leave to amend to cure the noted pleading deficiencies. Where, as here, Plaintiff does not expressly seek leave to amend in the event of dismissal, the Court is not required to consider the propriety of an amendment, and has the authority to dismiss the claims with or without leave to amend. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). However, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'"

*Id.* (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Thus, under the procedure preferred by the Tenth Circuit, leave to amend should normally be authorized. However, leave to amend is not automatic and may be denied on various grounds, including futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman ex rel. Bauchman v. West High School*, 132 F. 3d 542, 559 (10th Cir. 1997).

Where a claim cannot be supported as a matter of law and would be subject to summary judgment, the Court may determine that leave to amend is futile because the claim would fail. *See Bauchman*, 132 F. 3d at 559. Defendant's reply brief in this case suggests that authorizing Plaintiff to amend his due process claim may be futile. Defendant argues that Plaintiff's reliance on the City Code provision which permits terminations "for the good of the service," as quoted in Plaintiff's response brief, is insufficient as a matter of law to create a property interest subject to due process protection. As Defendant points out, the Tenth Circuit Court of Appeals has held that language authorizing employment terminations "for the good of the service" does not create a property right under Oklahoma law. *Graham v. City of Oklahoma City*, 859 F.2d 142, 146 (10th Cir. 1988); *Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir. 1991). Defendants argue that, because this is the only City Code provision cited by Plaintiff in his response brief, his due process claim must fail as a matter of law.

The Court agrees that, if the City Code provision at issue is the only basis for Plaintiff's claim of a property right subject to due process protection, allowing him to amend to attempt to state a claim on that basis would be futile. However, at this stage of the litigation, the Court cannot determine that, as a matter of law, the City Code or the merit system regulations of the City Council contain no provision on which Plaintiff could base a property right contention. Accordingly, the

Court will authorize Plaintiff to file an Amended Complaint if Plaintiff can determine, in good faith, that there is another lawful basis for the assertion of a property right. Plaintiff is cautioned, however, that he is not authorized to amend for the purpose of relying on the City Code provision authorizing terminations "for the good of the service."

Conclusion:

For the foregoing reasons, the Motion to Dismiss [Doc. No. 5] is GRANTED. Plaintiff's claims based on 42 U. S. C. § 1983 are DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an Amended Complaint for the purpose of reasserting his ADEA claim, which is not dismissed, and for the further purpose of asserting a 42 U. S. C. § 1983 claim premised on the alleged denial of due process based on the deprivation of a property right. The latter claim may be asserted only if Plaintiff can, in good faith, rely on a justifiable basis for a property right claim, as set forth above.

The Amended Complaint shall be filed no later than 20 days from the date of this Order; Defendant shall respond according to the deadlines in the Federal Rules of Civil Procedure and the Local Civil Rules.

IT IS SO ORDERED this __6th__ day of November, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE